UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>DHP Holdings II Corporation, et al.[1],<br><br>Debtors. | Bk. No. 08-13422-MFW<br>(Jointly Administered)<br><br>Chapter 7 |
| Alfred T. Giuliano, Chapter 7 Trustee for the Bankruptcy Estates of DHP Holdings II Corporation, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>National Union Fire Insurance Company of Pittsburgh, PA; American International Group, Inc. fdba AIG Risk Management; AIG Risk Management, Inc.; and Chartis, Inc. fka AIG Risk Management,<br><br>Defendants. | Adv. No. **Refer to Summons** |

**COMPLAINT TO AVOID TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, 549 AND 502 AND TO RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550**

Alfred T. Giuliano, the duly appointed chapter 7 trustee (the "Plaintiff" or "Trustee") for the bankruptcy estates of the above captioned debtors (the "Debtors"), by his undersigned attorneys, files this complaint (the "Complaint") to avoid and recover transfers against National Union Fire Insurance Company of Pittsburgh, PA; American International Group, Inc. fdba AIG Risk Management; AIG Risk Management, Inc.; and Chartis, Inc. fka AIG Risk Management (hereinafter jointly referred to as the "Defendants"), and in support thereof alleges upon information and belief that:

**NATURE OF THE CASE**

1. Plaintiff seeks to avoid and recover from Defendants, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are DHP Holdings II Corporation (5945); DESA LLC (5717); DESA Heating LLC (8137); DESA Specialty LLC (8143); DESA FMI LLC (8146); and DESA IP LLC (8149). The address for each of the Debtors is 2701 Industrial Drive, Bowling Green, KY 42101.

-1-    COMPLAINT

occurred during the ninety (90) day period prior to commencement of the Debtors' bankruptcy proceedings pursuant to 11 U.S.C. §§ 547 and 550. Subject to proof, Plaintiff also seeks to recover pursuant to 11 U.S.C. § 548 any transfers that may have been a fraudulent conveyance and pursuant to 11 U.S.C. § 549 any transfers on account of pre-petition debt that cleared post-petition. To the extent that Defendants have filed a proof of claim or has a claim listed on the Debtors' schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtors or the Debtors' chapter 7 estates, (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's right to object to such Claims for any reason including, but not limited to, 11 U.S.C. § 502 (a) through (j) ("Section 502"), and such rights are expressly reserved. Notwithstanding this reservation of rights, certain relief pursuant to Section 502 may be sought by Plaintiff herein as further stated below.

## JURISDICTION AND VENUE

2.     This court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to cases under title 11, in the United States Bankruptcy Court for the District of Delaware (the "Court"), Case No. 08-13422, pursuant to 28 U.S.C. §§ 157 and 1334(b).

3.     The statutory and legal predicates for the relief sought herein are sections 502, 547, 548, 549 and 550 of the United States Code (the "Bankruptcy Code") and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4.     This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2).

5.     Venue is proper in the District of Delaware pursuant to 28 U.S.C. § 1408 and §1409.

## PROCEDURAL BACKGROUND

6.     On December 29, 2008 (the "Petition Date"), the Debtors each commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

-2-     COMPLAINT

DHP - National Union Fire Insurance Company of Pittsburgh, PA and American International Group\WP\MMFDHPASGRECON-LG-NAT002MFW-/ 28Jul11, 19:32

7. On December 30, 2008, the Court entered an order authorizing the joint administration of the Chapter 11 Cases for procedural purposes pursuant to Bankruptcy Rule 1015(b) [Docket No. 28]. The Chapter 11 Cases were jointly administered as Case Number 08-13422 (MFW).

8. On August 2, 2010, the Court entered an order converting these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code [Docket No. 989].

9. On August 2, 2010, Alfred T. Giuliano was duly appointed as the Chapter 7 Trustee for the Debtors' estates [Docket No. 990].

## THE PARTIES

10. As the Chapter 7 Trustee for the Debtors' estates, the Trustee has the authority to investigate the financial affairs of the Debtors and litigate affirmative claims of and object to claims asserted against the Debtors pursuant to 11 U.S.C. § 704.

11. The Debtors were manufacturers, distributors and marketers of vent-free heating appliances, indoor and outdoor heaters, lawn and garden electrical products and consumer fastening systems, among other products. The Debtors' principal offices were located at 2701 Industrial Drive, Bowling Green, KY 42101. DHP Holdings II Corporation is the parent company of the Debtor DESA LLC, which in turn holds 100% of the equity of Debtors DESA Heating LLC, DESA Specialty LLC, DESA FMI LLC, DESA IP LLP, as well as nondebtor HIG-DHP Barbadoes.

12. Upon information and belief, at all relevant times, National Union Fire Insurance Company of Pittsburgh, PA was in the business of providing risk management goods and services with its principal place of business located at 175 Water Street, 18th Floor, New York, NY 10038. National Union Fire Insurance Company of Pittsburgh, PA is a corporation residing in and subject to the laws of the State of Tennessee.

13. Upon information and belief, at all relevant times, American International Group, Inc. fdba AIG Risk Management was in the business of providing risk management goods and services with its principal place of business located at 80 Pine Street, 13th Floor, New York, NY 10005. American International Group, Inc. fdba AIG Risk Management is a corporation residing in and subject to the laws of the State of Delaware.

14. Upon information and belief, at all relevant times, AIG Risk Management, Inc. was in the business of providing risk management goods and services with its principal place of business located at 70 Pine Street, New York, NY 10270. AIG Risk Management, Inc. is a corporation residing in and subject to the laws of the State of New York.

15. Upon information and belief, at all relevant times, Chartis, Inc. fka AIG Risk Management was in the business of providing risk management goods and services with its principal place of business located at 175 Water Street, 17th Floor, New York, NY 10038. Chartis, Inc. fka AIG Risk Management is a corporation residing in and subject to the laws of the State of Delaware.

### FACTUAL BACKGROUND

16. Prior to the Petition Date, the Debtors manufactured and marketed zone heating and specialty tools. Retail heating products, such as fireplaces, fireboxes, gas logs, cast iron stoves, space and garage heaters, outdoor construction and do-it-yourself heaters, and patio and recreational heaters; and professional heating products, including vent-free, direct-vent, wood, and electric fireplaces comprised the bulk of the Debtors' heating related sales. Additional product lines manufactured and marketed by the Debtors included motion security and decorative lighting products, door chimes and push buttons, wireless lighting controls, and power tools.

17. The Debtors' cash management system was an integrated network of bank accounts that facilitated the collection, concentration management and disbursement of funds used by the Debtors. The Debtors maintained several bank accounts, including Account No. 130103009762 and Account No. 145803000515 (the "Disbursement Accounts"). All of the Debtors' bank accounts, including the Disbursement Accounts, were maintained with US Bank, through US Bank's branch in Bowling Green, Kentucky. The Debtors made payments by check and wire transfer to their suppliers of goods and services, including the payments at issue and as set forth in this Complaint, from the Disbursement Accounts. Each payment from the Disbursement Accounts bore the name "DESA" on its face. The Disbursement Accounts were held in the name of "DESA Heatintg LLC as agent for DESA Speciality LLC and DESA FMI LLC."

18.     As of early December 2008, the Debtors had employed approximately 623 employees who performed a variety of functions.

19.     In the ordinary course of their businesses, the Debtors maintained business relationships with various entities, through which the Debtors regularly purchased, sold, received, or delivered goods and services.  As a manufacturer, distributor and marketer of heating, lighting and speciality tools, the Debtors served homeowners and contractors by producing many different types of products as described *supra*, which were sold through wholesale and retail outlets.

20.     Based on their diverse heating, lighting and tool product lines, the Debtors regularly purchased goods from various entities, including vendors, creditors, suppliers and distributors, which goods were used to manufacture the Debtors' products for sale to consumers and commercial entities.  The Debtors also regularly paid for services used to facilitate manufacturing, marketing, and distributing their products, including shipping, transportation and warehousing.

21.     During the ninety (90) days before the Petition Date, that is between September 30, 2008 and December 29, 2008 (the "Preference Period"), the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, direct deposit or otherwise to certain entities.

22.     During the course of their relationship, the Debtors and Defendants entered into numerous agreements, which are evidenced by invoices, communications and other documents (collectively, the "Agreements").  The details of each of the Agreements paid for during the Preference Period are set forth on the Statement of Account, which is attached hereto and incorporated by reference as Exhibit "A".  Such details include "Invoice Number," Invoice Date," "Invoice Amount" and "Debtor(s) Incurring Antecedent Debt."

23.     The Debtors and Defendants conducted business with one another up to and through the Petition Date pursuant to the Agreements.

24.     As identified in the Agreements, the Debtors purchased risk management goods and services from Defendants.

-5-    COMPLAINT

DHP - National Union Fire Insurance Company of Pittsburgh, PA and American International Group, Inc. f/k/a AIG Risk Management / F:\WP\MMD\ASG\COMPL-NAT002.WPD / 28Jul11, 19:32

25. Plaintiff has completed an analysis of all readily available information of the Debtors and is seeking to avoid all of the transfers of an interest of the Debtors' property made by the Debtors to Defendants within the Preference Period.

26. Plaintiff has determined that the Debtors made transfers of an interest of the Debtors' property to or for the benefit of Defendants during the Preference Period through payments aggregating an amount not less than $153,750.73 (the "Transfers"). The details of each of the Transfers are set forth on the Statement of Account, which is attached hereto and incorporated by reference as Exhibit "A". Such details include "Check Number," "Check Amount," "Check Clear Date" and "Debtor Transferor(s)."

27. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendants during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtors of an interest of the Debtors in property and to or for the benefit of Defendants or any other transferee. Plaintiff reserves his right to amend this original Complaint to include: (i) further information regarding the Transfers, (ii) additional transfers, (iii) modifications of and/or revisions to Defendants' name, (iv) additional defendants, and/or (v) additional causes of action (*e.g.*, but not exclusively, 11 U.S.C. §§ 542, 544, 545, 548 and/or 549) (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

28. Plaintiff acknowledges that some of the Transfers might be subject to defenses under Bankruptcy Code section 547(c), for which Defendants bear the burden of proof under Section 547(g).

## CLAIMS FOR RELIEF

### COUNT I

**(Avoidance of Preference Period Transfers - 11 U.S.C. § 547)**

29. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

-6-    COMPLAINT

DHP - National Union Fire Insurance Company of Pittsburgh, PA and American International Group, Inc. f/k/a AIG Risk Management, Inc. — F:\WP\MM\DHP\ASC-RK\COMPL-NAT002.WPD / 28Jul11, 19:32

30.     Each Transfer was made to Defendants by the Debtor(s) identified on Exhibit "A" under the column heading "Debtor Transferor(s)."  Each Transfer was paid from the U.S. Bank Disbursement Accounts described *supra*.  See Exhibit "A."

31.     During the Preference Period, Defendants were creditors at the time of each Transfer by virtue of supplying risk management goods and services identified in the Agreements to the Debtor(s) identified on Exhibit "A" under the column heading "Debtor(s) Incurring Antecedent Debt" for which the identified Debtor(s) were obligated to pay following delivery, in accordance with the Agreements.  See Exhibit "A."

32.     Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor(s) identified on Exhibit "A" under the column heading "Debtor(s) Incurring Antecedent Debt" to Defendants.  See Exhibit "A."

33.     Each Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor(s) identified on Exhibit "A" under the column heading "Debtor(s) Incurring Antecedent Debt" to Defendants before such Transfers were made, as asserted by Defendants and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendants prior to being paid by the Debtor(s) identified on Exhibit "A" under the column heading "Debtor Transferor(s)."  See Exhibit "A."

34.     Each Transfer was made while the Debtors were insolvent.  Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

35.     Each Transfer was made during the Preference Period.  See Exhibit "A."

36.     As a result of each Transfer, Defendants received more than Defendants would have received if: (i) the Debtors' case was under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendants received payment of its debts under the provisions of the Bankruptcy Code.  As evidenced by the Debtors' schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Debtors' liabilities exceed their assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtors' bankruptcy estates.

37. In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II

### (To Avoid Fraudulent Conveyances Pursuant to 11 U.S.C. § 548(a)(1)(B))

38. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

39. Subject to proof, Plaintiff pleads in the alternative that to the extent one or more of the Transfers and/or Post-Petition Transfers[2] as identified on Exhibit "A" were not on account of an antecedent debt or a prepayment for goods and/or services subsequently received, the Debtors did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfers"); and

> A. The Debtors were insolvent on the date that the Transfers(s) and/or Post-Petition Transfer(s) was made or became insolvent as a result of the Transfer(s) and/or Post-Petition Transfer(s); or
>
> B. The Debtors were engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtors who made or for whose benefit the Transfer(s) and/or Post-Petition Transfers were made an unreasonably small capital; or
>
> C. The Debtors intended to incur, or believed that the Debtors would incur, debts that would be beyond Debtors' ability to pay as such debts matured.

40. In accordance with the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT III

### (To Recover Unauthorized Post-Petition Transfers Pursuant to 11 U.S.C. § 549)

41. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

42. Subject to proof, Plaintiff pleads in the alternative that to the extent any of the Transfer(s) made by the Debtors as identified on Exhibit "A" were transfer(s) of an interest of the Debtors' property that cleared the Debtors' bank account(s) after the Petition Date (the "Post-Petition Transfers"), said Post-Petition Transfer(s) were never authorized by the Court or under

---

[2] The term Post-Petition Transfer is defined *infra*.

the Bankruptcy Code and, thus in accordance with the foregoing, the Post-Petition Transfers are avoidable pursuant to 11 U.S.C. § 549.

## COUNT IV

### (Recovery of Avoided Transfers - 11 U.S.C. § 550)

43. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

44. Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. § 547(b), any Potentially Fraudulent Transfers pursuant to 11 U.S.C. § 548, and any Post-Petition Transfers under 11 U.S.C. § 549. The Transfers, any Potentially Fraudulent Transfers and any Post-Petition Transfers are collectively referred to herein as "All Avoided Transfers."

45. Defendants were the initial transferees of the All Avoided Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit All Avoided Transfers were made.

46. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendants All Avoided Transfers, plus interest thereon to the date of payment and the costs of this action.

## COUNT V

### (Disallowance of all Claims - 11 U.S.C. § 502(d) and (j))

47. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

48. Defendants are entities from which property is recoverable under 11 U.S.C. § 550.

49. Defendants are transferees of All Avoided Transfers avoidable under 11 U.S.C. §§ 547, 548 and/or 549.

50. Defendants have not paid the amount of the All Avoided Transfers, or turned over such property, for which Defendants are liable under 11 U.S.C. § 550.

51. Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendants and/or its assignee, against the Debtors' chapter 7 estates or Plaintiff must be disallowed until such time as Defendants pay to Plaintiff an amount equal to the aggregate amount of All Avoided Transfers, plus interest thereon and costs.

52. Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendants, and/or its assignee, against the Debtors' chapter 7 estates or Plaintiff previously allowed by the Debtors or

Plaintiff, must be reconsidered and disallowed until such time as Defendants pay to Plaintiff an amount equal to the aggregate amount of all the All Avoided Transfers.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant it the following relief against Defendants:

As to Counts I through V, that the Court enter a judgment against Defendants:

A. That All Avoided Transfers avoidable under 11 U.S.C. §§ 547, 548 and/or 549 in the total aggregate amount of not less than $153,750.73 be avoided;

B. That All Avoided Transfers, to the extent that they are avoided pursuant to 11 U.S.C. §§ 547, 548 and/or 549, be recovered by Plaintiff pursuant to 11 U.S.C. § 550;

C. Disallowing, in accordance with 11 U.S.C. § 502 (d), any Claims held by Defendants and/or its assignee until Defendants satisfy the judgment;

D. Disallowing, in accordance with 11 U.S.C. § 502 (j), any Claims held by Defendants and/or its assignee until Defendants satisfy the judgment;

E. Awarding pre-judgment interest at the maximum legal rate running from the date of each All Avoided Transfers to the date of judgment herein;

F. Awarding post judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

G. Requiring Defendants to pay forthwith the judgment amount awarded in favor of Plaintiff;

H. Granting Plaintiff such other and further relief as the Court deems just and proper.

Dated: July 29, 2011

| | | |
|---|---|---|
| Local Counsel | By | /s/ *Ronald S. Gellert* <br> Ronald S. Gellert (DE 4259) <br> Tara Lattomus, Esq.  DE 3515 <br> Brya Keilson, Esq.  DE 4643 <br> ECKERT SEAMANS CHERIN & MELLOTT, LLC <br> 300 Delaware Avenue, Suite 1210 <br> Wilmington, DE 19801 <br> **Telephone:** (302) 425-0430  **Fax:** (302) 425-0432 <br> **E-Mail:** rgellert@eckertseamans.com |
| | | and |
| Primary Counsel <br> (Please Contact Primary Counsel) | | Joseph L. Steinfeld, Jr., DC SBN 297101, MN SBN 0266292, VA SBN 18666 <br> Kara E. Casteel, MN SBN 0381995 <br> ASK FINANCIAL LLP <br> 2600 Eagan Woods Drive, Suite 400 <br> St. Paul, MN  55121 <br> **Telephone:** (651) 406-9665  ext. 846  **Fax:** (651) 406-9676 <br> **E-Mail:** kcasteel@askfinancial.com |

Attorneys For Plaintiff, Alfred T. Giuliano, Chapter 7 Trustee for the Bankruptcy Estates of DHP Holdings II Corporation, et al.

-11-    COMPLAINT

DHP - National Union Fire Insurance Company of Pittsburgh, PA and American International Group\MDHPASGRM.COM.NAT002MFW-/ 28Jul11, 19:32