UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| In re<br><br>DHP Holdings II Corporation, et al.[1],<br><br>Debtors. | Bk. No. 08-13422-MFW<br><br>Chapter 7 |
|---|---|
| Alfred T. Giuliano, Chapter 7 Trustee for the Bankruptcy Estates of DHP Holdings II Corporation, et al.,<br>                           Plaintiff,<br>vs.<br><br>Defendants Listed Below,<br>                           Defendants. | Obj. Due: December 28, 2011 at 4:00 p.m.<br>Hrg. Date: January 4, 2012 at 2:00 p.m. |

| Defendant | Adversary Number |
|---|---|
| De Lage Landen Financial Services, Inc. | 11-52914 |
| National Union Fire Insurance Company of Pittsburgh, PA and American International Group, Inc. fdba AIG Risk Management; AIG Risk Management, Inc.; and Chartis, Inc. fka AIG Risk Management | 11-52770 |
| PriceWaterhouseCoopers LLP | 11-52772 |

**TRUSTEE'S THIRD MOTION FOR AN ORDER APPROVING SETTLEMENTS OF AVOIDANCE ACTIONS PURSUANT TO FED. R. BANKR. P. 9019**

Alfred T. Giuliano, Chapter 7 Trustee (the "Trustee") for the Bankruptcy Estates of DHP Holdings II Corporation, et al., (the "Debtors"), by and through his undersigned counsel, hereby moves this Court for entry of an Order Approving Settlements of Avoidance Actions Pursuant to Fed. R. Bankr. P. 9019 (the "Motion"), and in support thereof, states as follows:

### JURISDICTION

1.     The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O).

---

[1] The Debtors in these cases, along with the last four digits of each Debtor=s federal tax identification number, are DHP Holdings II Corporation (5945); DESA LLC (5717); DESA Heating LLC (8137); DESA Specialty LLC (8143); DESA FMI LLC (8146); and DESA IP LLC (8149). The address for each of the Debtors is 2701 Industrial Drive, Bowling Green, KY 42101.

2.	Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought herein are Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3.	The statutory predicate for the relief sought herein is Rule 9019 of the Bankruptcy Rules.

## BACKGROUND

4.	On December 29, 2008 (the "Petition Date"), the Debtors each commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases")

5.	On December 30, 2008, the Court entered an order authorizing the joint administration of the Chapter 11 Cases for procedural purposes pursuant to Bankruptcy Rule 1015(b) [Docket No. 28]. The Chapter 11 Cases were jointly administered as Case Number 08-13422 (MFW).

6.	On August 2, 2010, the Court entered an order converting these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code [Docket No. 989].

7.	On August 2, 2010, Alfred T. Giuliano was duly appointed as the Chapter 7 Trustee for the Debtors' estates [Docket No. 990].

8.	In accordance with his duties under the Bankruptcy Code, the Trustee together with his accountants reviewed the Debtors' financial books and records and investigated the estates' potential causes of action to avoid transfers pursuant to section 547 of the Bankruptcy Code.

9.	After reviewing the Debtor's books and records, the Trustee identified approximately **150** potential defendants who may have received preferential, fraudulent and/or

unauthorized post petition transfers (the "Potential Defendants") and initiated certain adversary actions pursuant to 11 U.S.C. §547, 548, 549 and 550 (collectively, the "Avoidance Actions").

10. The Trustee has settled subject to Bankruptcy Court approval certain Avoidance Actions against **three (3)** of the Defendants (the "Defendants") and a list containing the name of each Defendant, the total transfers claimed against that Defendant, the amount paid or to be paid by each Defendant to the Trustee in settlement of each Avoidance Action, and a rationale for each settlement is attached hereto as Exhibit "A".

11. To date, the Trustee has not obtained Bankruptcy Court approval for any of the settlements of the Avoidance Actions listed on Exhibit "A" attached hereto.

### **RELIEF REQUESTED**

12. By this Motion, the Trustee seeks approval of the settlements of the Avoidance Actions listed on Exhibit "A" attached hereto pursuant to Bankruptcy Rule. 9019. Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor . . . and to any other entity as the court may direct. Fed. R. Bankr. P. 9019(a); see also Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996).

13. The Trustee is obligated to maximize the value of the estate and make his decisions in the best interests of all of the creditors of the estate. Id. at 394. The Trustee believes, in his business judgment, the settlement of the Avoidance Actions against the Defendants listed on Exhibit "A" hereto is in the best interests of the estate and all creditors, especially in light of the cost, uncertainty and delay of litigation. Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. Id. at 395.

14. In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Id. at 393. In striking this balance, the Court should consider "(i) the probability of success in the litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors." Id.

15. A review of these four factors demonstrates that the settlements of the Avoidance Actions against the Defendants are in the best interests of the estate and all of the creditors, reasonable and within the Trustee's sound business judgment. The settlement of the Avoidance Actions will eliminate the potentially high costs of litigation and the uncertainty of success in light of the possible defenses. Accordingly, the Trustee is confident that the settlements meet the standards set forth in In re Martin, Id. at 395; Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-425 (1968).

16. The Trustee respectfully represents the compromises reached with the Defendants are fair, reasonable, and in the best interest of the creditors and the Debtors' estates. The Trustee likewise believes the settlements and compromises are fair and equitable, and founded on the exercise of sound business judgment by the Trustee. The settlements result in certain payments being made to the Debtors' estates and the release by the Defendants of various claims such entities may have against the Debtors and the estates, in consideration for a release by the Trustee of the various claims asserted in the Avoidance Actions commenced by the Trustee against the Defendants without the Trustee expending significant estate resources litigating such claims.

## NOTICE

17.     Notice of this Motion together with a copy of the Motion has been given to (i) United States Trustee for the District of Delaware, (ii) the Defendants, and (iii) all parties that have requested such notice pursuant to Bankruptcy Rule 2002 as of this date. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice need be given.

*(Remainder of page intentionally left blank)*

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that this Court enter the attached Order granting the Trustee's Motion approving the settlements of the Avoidances Actions against the Defendants set forth on Exhibit "A" attached hereto; and granting such other and further relief as the Court deems just and equitable.

Dated: December 14, 2011

/s/ Ronald S. Gellert
Ronald S. Gellert (DE 4259)
Tara L. Lattomus (DE 3515)
Brya M. Keilson (DE 4643)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801
(302) 425-0430
(302) 425-0432 Facsimile

*Special Counsel to Alfred T. Giuliano, Chapter 7 Trustee for the Bankruptcy Estates of DHP Holdings II Corporation, et al*

Joseph L. Steinfeld, Jr., DC SBN 297101,
MN SBN 0266292, VA SBN 18666
Karen M. Scheibe, Esq. MN SBN 0300469
A•S•K FINANCIAL LLP
2600 Eagan Woods Drive, Suite 400
Eagan, MN 55121
(651) 406-9665
(651) 406-9676 Facsimile
Email: jsteinfeld@askfinancial.com
Email: kscheibe@askfinancial.com

*Please contact Special Preference Counsel to the Trustee*

*Special Preference Counsel to Plaintiff, Alfred T. Giuliano, Chapter 7 Trustee for the Bankruptcy Estates of DHP Holdings II Corporation, et al.*